UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN S. BURGESS,

      Plaintiff,

                                    Civil Case No. 19-13243

v.                                Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER (1) REJECTING MAGISTRATE JUDGE'S JANUARY 25, 2021 REPORT AND RECOMMENDATION [ECF NO. 20]; (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT [ECF NO. 17]; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]; AND, (4) REMANDING THE MATTER TO THE SOCIAL SECURITY ADMINISTRATION

Kevin Burgess ("Plaintiff") filed this lawsuit on November 4, 2019,

challenging the Commissioner of Social Security's final decision denying his

application for benefits under the Social Security Act.  The following day, the

matter was referred to Magistrate Judge Elizabeth A. Stafford for all pretrial

proceedings, including a hearing and determination of all non-dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation

("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF

No. 3.)  The parties subsequently filed cross-motions for summary judgment.
(ECF Nos. 17, 18.)

On January 25, 2021, Magistrate Judge Stafford issued an R&R in which she
recommends that this Court deny Plaintiff's motion, grant the Commissioner's
motion, and affirm the decision denying Plaintiff's disability benefits.  (ECF No.
20.)  Magistrate Judge Stafford first rejects Plaintiff's argument that the
Administrative Law Judge ("ALJ") violated the "treating physician rule" in 20
C.F.R. § 404.1527(c).  (*Id.* at Pg ID 512-14.)  Magistrate Judge Stafford next
concludes that even if the ALJ violated the rule, the error is harmless because the
treating physician's opinion is "patently deficient."  (*Id.* at 514-16.)  Lastly,
Magistrate Judge Stafford finds substantial evidence to support the ALJ's finding
that Plaintiff could sit for 30 minutes at a time and for six hours in an eight-hour
workday.  (*Id.* at Pg ID 516-19.)

At the conclusion of the R&R, Magistrate Judge Stafford advises the parties
that they may object to and seek review of the R&R within fourteen days of service
upon them.  (*Id*. at Pg ID 519-20.)  She further specifically advises the parties that
"[f]ailure to file specific objections constitutes a waiver of any further right to
appeal." (*Id*. at Pg ID 520.)  Plaintiff filed objections to the R&R on February 4,

2

2021.  (ECF No. 21.)  The Commissioner filed a response to Plaintiff's objections on February 18, 2021.  (ECF No. 22.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . .. The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1983).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## THE EVALUATION PROCESS

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  The five-step process is as follows:

1.   At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).

2.   At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that

4

meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3.      At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.  *Id*.

4.      At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).

5.      At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he or she can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find the claimant disabled. *Id*.

If the ALJ finds the claimant disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id*.  However, if the ALJ does not find the claimant disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  "The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

## THE ALJ'S DECISION & PROCEDURAL HISTORY

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 20, 2015.  (ECF No. 9-2 at Pg ID 40.) The ALJ found at step two that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; osteoarthritis of the hips; osteoarthritis of the right great toe; hypertension; and obesity.  (*Id.* at Pg ID 40-41.) The ALJ next analyzed whether Plaintiff's impairments meet any of the listed impairments and determined that they did not.  (*Id.* at Pg ID 41-42.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> lift or carry 10 pounds occasionally; stand or walk for 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday, with an option to alternate between sitting and standing after 30 minutes; push or pull within the aforementioned weight restrictions; occasionally operate foot pedals with the bilateral lower extremities; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds; and never have exposure to unprotected heights or moving mechanical parts.

(*Id.* at Pg ID 42-46.)  The ALJ then determined that Plaintiff is not capable of performing his past relevant work as a rolling machine operator.  (*Id*. at Pg ID 46-47.)

At the final step, the ALJ considered whether a significant number of jobs exist in the national economy that Plaintiff could perform given his age (46 on the

alleged disability onset date), education (high school), work-experience, and RFC. (*Id.* at Pg ID 47-48.)  Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs in significant numbers in the national economy that Plaintiff could perform.  (*Id.*)  Specifically, the ALJ identified the jobs of marker and parking lot attendant.  (*Id.*)

The ALJ therefore found Plaintiff not disabled as defined by the Social Security Act.  (*Id.* at Pg ID 48.)  This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 11, 2019.  (*Id.* at Pg ID 27-29.)

Plaintiff filed the instant lawsuit on November 4, 2019, seeking reversal of the Commissioner's decision or a remand for review.  Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of his treating physician, Andrew LaFleur, M.D.  Plaintiff further argues that the ALJ's findings are not supported by substantial evidence.  As indicated, in the R&R, Magistrate Judge Stafford finds no error in the ALJ's analysis.  (*See* ECF No. 20.)

## **PLAINTIFF'S OBJECTIONS & ANALYSIS**

Plaintiff raises six objections to the R&R.  (ECF No. 21.)  The Court finds it unnecessary to address them all.

7

## Objections #1-3

## Parties' Arguments

Plaintiff's first three objections relate to the ALJ's consideration of Dr.
LaFleur's opinion.  This opinion is reflected on a form Plaintiff's counsel provided
to Dr. LaFleur.  (ECF No. 9-7 at Pg ID 391-93.)  In the letter Plaintiff's counsel
sent Dr. LaFleur with the form, counsel represented that the form had been
provided by the ALJ with the request that it be forwarded to and completed by Dr.
LaFleur and that the ALJ "asked [counsel] to assure [Dr. LaFleur] that as a treating
physician of [Plaintiff], [his] opinion would be afforded great weight …." (*Id.* at
Pg ID 391.)  Neither statement was true.

The following reflects the questions on the form and Dr. LaFleur's answers:

- "In your opinion, would the level of pain or discomfort affect Mr.
  Burgess' ability to concentrate or sustain activity over a prolonged
  period?"  Dr. LaFleur circled "Yes[.]"

- "In a typical month (30 days), how many days do you believe Mr.
  Burgess would miss work as a result of his medical condition(s)?" Dr.
  LaFleur wrote "30" days.

- "Please state if Kevin Burgess would be able to perform sustained
  activity at a sedentary exertional level (desk job) over an 8 hour work
  day without the need to lay down or take several unscheduled rest
  breaks due to pain and/or fatigue."  Dr. LaFleur circled "No[.]"

(*Id.* at Pg ID 393.)  The ALJ gave Dr. LaFleur's opinion "little weight,"
explaining:

> such extreme limitations are not consistent with the objective medical
> signs and findings or the claimant's longitudinal treatment history.
> Specifically, despite the claimant's allegations of disabling
> limitations, the record documents that he has often demonstrated full
> range of motion, negative straight leg raise, mild abduction of gait and
> 5/5 strength of the lower extremities, with only slight weakness on the
> left …. Moreover, I note that the representative acknowledged at the
> hearing that the cover letter to this doctor is not factual in terms of the
> representations made about the Administrative Law Judge (Hearing
> Statements.)

(ECF No. 9-2 at Pg ID 46.)  The Magistrate Judge finds no error in the

ALJ's analysis.  However, even if the ALJ's explanation was deficient, the

Magistrate Judge concludes that any error is harmless because Dr. LaFleur's

opinion is "patently deficient."  (ECF No. 20 at Pg ID 513-16.)

In his objections, Plaintiff first argues that 2 MRIs of his lumbar spine and a

lower extremity EMG supported Dr. LaFleur's opinion.  (ECF No. 21 at Pg ID

524-25.)  Plaintiff next argues that his daily activities did not contradict Dr.

LaFleur's opinion.  (*Id.* at Pg ID 525-26.)  Finally, Plaintiff contends that the

opinion was neither vague nor deficient.  (*Id*. at Pg ID 526-27.)

The Commissioner responds to Plaintiff's first argument, contending that it

> does not withstand even minimal scrutiny, for the following reasons:
> (1) Dr. LaFleur does not refer to any objective testing in support of his
> opinion; (2) there is no basis in the record to conclude that Dr.
> LaFleur reviewed *any* of the testing cited in Plaintiff's objections; and
> (3) the ALJ provided a well-founded rationale for discounting the
> LaFleur opinion.

(ECF No. 22 at Pg ID 533 (emphasis in original).)  The Commissioner argues that

Plaintiff's daily activities contradict the limitations in Dr. LaFleur's opinion.  (*Id*.

at Pg ID 536-38.)  The Commissioner further argues that Dr. LaFleur's opinion is

too vague and conclusory to be assigned any weight at all.  (*Id*. at Pg ID 539-40.)

### Treating Physician Rule

Under the Social Security Regulations applicable to Plaintiff's case, a

treating physician's opinion should be given controlling weight if it is: (1) "well-

supported by medically acceptable clinical and laboratory diagnostic techniques,"

and (2) "not inconsistent with the other substantial evidence in [the] case record."

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R.

§ 404.1527(c)(2).  If the ALJ concludes that a treating source opinion is not

entitled to controlling weight, the ALJ must give "good reasons[,]" *id.* (citing 20

C.F.R. § 404.1527(d)(2)), which are "'sufficiently specific to make clear to any

subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight[,]'" *id*. (quoting Soc. Sec. Rul. 96-

2p, 1996 WL 374188, at *5 (1996)).  The ALJ must consider certain factors when

assessing the weight to give the opinion: "[T]he length of the treatment

relationship and the frequency of examination, the nature and extent of the

10

treatment relationship, supportability of the opinion, consistence of the opinion with the record as a whole, and the specialization of the treating source." *Id.*

Contrary to the Magistrate Judge's finding, the Court concludes that the ALJ did not provide "good reasons" for giving little weight to Dr. LaFleur's opinion. Based on the Court's review, the only reason the ALJ cited was "record documents that [Plaintiff] often demonstrated full range of motion, negative straight leg raise, mild abduction of gait and 5/5 strength of the lower extremities with only slight weakness on the left."[1]  (ECF No. 9-2 at Pg ID 46 (citing ECF No. 9-7 at Pg ID 314, 325, 335, 349).)  However, these documents were an insubstantial portion of the record.

The same doctors reporting the above results in Plaintiff's medical record recommended—usually at the same appointments—that Plaintiff undergo spinal surgery and a total hip replacement.  (ECF No. 9-7 at Pg ID 315, 326, 349.) Plaintiff's medical records are replete with notations by his medical providers that he was in visual distress and experiencing acute pain and spinal tenderness,

---

[1] In the paragraph addressing Dr. LaFleur's opinion, the ALJ also mentioned the misrepresentations in the letter Plaintiff's counsel sent Dr. LaFleur with the opinion form.  It does not appear, however, that the ALJ was offering this as a "reason" to reject the doctor's opinion.  The Commissioner does not argue that it was.

11

demonstrated limited range of motion of the lumbar spine and hips, and had difficulty standing.  (*Id.* at Pg ID 270-71, 292-96, 314-15, 327-28, 340, 349, 357.) Plaintiff's orthopedic surgeon reported that he was "miserable with his pain."  (*Id.* at Pg ID 278.)  Medical records reflect that at appointments he was in "[o]bvious discomfort" (*id.* at Pg ID 292, 294, 296), unable to sit (*id.* at Pg ID 295), and had difficulty laying on the exam table (*id.* at Pg ID 349).  Plaintiff's MRIs and an EMG demonstrate underlying medically determinable physical impairments.[2] Moreover, Plaintiff's high blood pressure was diagnosed as being caused or exacerbated by his pain.  (*See* ECF No. 9-7 at Pg ID 293, 297.)

An ALJ "may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding."  *Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010) (citation omitted).  As the Magistrate Judge quoted:

> While the ALJ need not address every piece of evidence in the record, he does not fairly discharge his duties when he fails to meaningfully discuss significant contradictory portions of the record.  A substantiality of evidence evaluation does not permit a selective reading of the record.

---

[2] While not completely clear from Plaintiff's medical records, it appears—contrary to the Commissioner's assertions—that Dr. LaFleur was receiving Plaintiff's imaging results.  (*See, e.g.*, ECF No. 9-7 at Pg ID 292, 293, 295, 302-03.)

(ECF No. 20 at Pg ID 514 (quoting *Espy v. Comm'r of Soc. Sec.*, No. 19-10305, 2019 WL 6273455, at *8 (E.D. Mich. Oct. 25, 2019), *adopted* 2019 WL 6254652 (E.D. Mich. Nov. 22, 2019)).)

The Magistrate Judge suggests that Plaintiff's reported daily activities could be enough to satisfy the good reason requirement (ECF No. 20 at Pg ID 514), and the Commissioner argues that Dr. LaFleur in fact is not a treating source because Plaintiff was seen by a nurse practitioner during most of his visits to the office (ECF No. 18 at Pg ID 479-80).  However, the ALJ concluded that Dr. LaFleur was a treating source and did not rely on Plaintiff's daily activities to support giving Dr. LaFleur's decision little weight.[3]  The Court "may not accept … post hoc rationalizations for [the ALJ's] action.  It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Berryhill v. Shalala*, No. 92-5876, 1993 WL 361792, at *6 (6th Cir. Sept. 16, 1993) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)); *see also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir.

---

[3] The Commissioner claims that the ALJ considered Dr. LaFleur to be an examining, but not treating, source.  (ECF No. 18 at Pg ID 481 (quoting ECF No. 9-2 at Pg ID 46).)  This ignores the ALJ's characterization of Dr. LaFleur as Plaintiff's "primary care provider."  (ECF No. 9-2 at Pg ID 46.)  It further ignores the fact that Dr. LaFleur had treated Plaintiff for 12 years at the time of Plaintiff's disability report.  (*See* ECF No. 9-6 at Pg ID 186.)

2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Schroeder v. Comm'r of Soc. Sec.*, No. 11-14778, 2013 WL 1316748, at *13 (E.D. Mich. Mar. 1, 2013) ("Thus, the Commissioner's post hoc rationalization is not an acceptable substitute for the ALJ's lack of rationale concerning his omission in considering the opinion of plaintiff's treating physician."), *adopted*, 2013 WL 1294127 (E.D. Mich. Mar. 29, 2013).

For these reasons, the Court concludes that the ALJ did not comply with the procedural requirements in 20 C.F.R. § 404.1527(d)(2).

## Harmless Error

A violation of the treating physician rule can be deemed "harmless error" if (1) "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; or (3) "the Commissioner has met the goal of § 1527(d)(2) … even though [he or] she has not complied with the terms of the regulation." *Wilson*, 378 F.2d at 547.

The Commissioner argues (ECF No. 18 at Pg ID 487-88) and the Magistrate Judge found (ECF No. 20 at Pg ID 516) Dr. LaFleur's opinion to be "patently deficient." "Medical opinions are statements from acceptable medical sources that

14

reflect judgments about the nature and severity of [a claimant's] impairment(s), including [their] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [their] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Courts have found opinions deficient where they "fail[] to articulate any specific functional limitation from which [the p]laintiff allegedly suffers" and provide instead "vague generalities concerning [the p]laintiff's ability to work." *Poulin v. Comm'r of Soc. Sec.*, No. 1:12-cv-1353, 2014 WL 1052610, at *11 (W.D. Mich. Mar. 18, 2014). An opinion may be patently deficient if the treating source offers no explanation to support it. *See May v. Astrue*, No. 3:09cv00090, 2009 WL 4716033, at *8 (S.D. Ohio Dec. 9, 2009) (doctor checked boxes concerning the plaintiff's grasping/handling limitation without providing any supporting explanation).

On the other hand, a doctor's opinion is not patently deficient where his or her treatment notes support the opinion. *Congrove v. Comm'r of Soc. Sec.*, No. 2016 WL 3097153, at *5 (S.D. Ohio June 3, 2016), *adopted* 2016 WL 3944485 (S.D. Ohio July 15, 2016); *Fleming v. Comm'r of Soc. Sec.*, No. 4:10-cv-25, 2011 WL 3049146, at *9 (E.D. Mich. July 5, 2011) (explaining that, if a treating physician's opinion is consistent with her treatment of the plaintiff, the opinion cannot be considered patently deficient"), *adopted* 2011 WL 3041268 (E.D. Tenn.

15

July 25, 2011); *Davis v. Astrue*, No. 3:08-cv-434, 2010 WL 546444, at * (E.D. Tenn. Feb. 10, 2010) (finding opinion not patently deficient where "treatment notes and [doctor's] referral of [the p]laintiff to physical therapy are, at the very least, not inconsistent with his opinion").  Dr. LaFleur referred Plaintiff to two orthopedic surgeons after medication and conservative treatment did not alleviate his pain.  Further, treatment notes from Dr. LaFleur's office reflect that Plaintiff experienced a level of pain consistent with the limitations contained in Dr. LaFleur's opinion.  More specifically, as detailed above, those notes record Plaintiff's distress during many appointments and inability for just the period of the examinations to sit, stand, or lay down comfortably.  For these reasons, although the opinion is not detailed, the Court does not find it "patently deficient."

A court may also find harmless error if the ALJ's written decision indirectly attacks the treating source's opinion.  The Commissioner argues that the ALJ rejected Dr. LaFleur's opinion based on Plaintiff's daily activities, which, the Commissioner maintains, are not consistent with a finding of total disability.  (ECF No. 22 at Pg ID 537.)  Even if the ALJ did indirectly rely on Plaintiff's daily activities to discount Dr. LaFleur's opinion, the Court cannot conclude for the reasons below that those activities are inconsistent with the doctor's opinion.

**Plaintiff's Daily Activities**

The ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms inconsistent with his daily activities. The Magistrate Judge agrees. The Court believes that substantial evidence does not support this finding and that it is based on unsupported constructions of Plaintiff's abilities.

For example, Plaintiff did testify that he reads and uses a computer "a lot" during the day. (ECF No. 9-2 at Pg ID 68.) However, Plaintiff went on to explain that he struggles to read because his attention is interrupted by his attempts to get comfortable (*id.* at Pg ID 69), and that he does not actually sit and use a computer (*id.* at AR 44, Pg ID 70). Rather he uses an iPad or other device so he can "get in a position where it's comfortable." (*Id*. at AR 44, Pg ID 70.) Thus, this evidence (i.e., that Plaintiff reads and uses a computer), does not support the physical capacities outlined in the ALJ's RFC.

Similarly, Plaintiff may have reported that he is able to complete most of his personal care activities; however, the record reflects that he actually requires a special tool to put on his socks, has difficulty dressing himself without help, and needs to sit in a chair to shower, brush his teeth, and shave. (ECF No. 9-2 at Pg ID 67-68; ECF No. 9-6 at Pg ID 192-03.) Plaintiff reported that it is "very, very

17

difficult" to clean himself after using the toilet. (*Id*. at Pg ID 193.)  He cannot

stand long enough to do personal care activities or cook. (*Id*. at Pg ID 194.)  He

can make a sandwich while sitting or leaning, provided he gets the ingredients out

before he begins. (*Id*.)

The ALJ and Magistrate Judge focused primarily on Plaintiff's ability to cut

his lawn using a riding lawn mower. (ECF No. 9-2 at Pg ID 45; ECF No. 20 at Pg

ID 513.)  But again, the ALJ and Magistrate Judge do not take into account

Plaintiff's statement that he can do this only "for short times." (ECF No. 9-6 at Pg

ID 194-05.)

Additionally, the record reflects that Plaintiff's pain prevents him from

sleeping at night. (ECF No. 9-2 at Pg ID 71.)  He cannot stay asleep for more than

an hour or two before his discomfort wakes him up and requires him to change

positions. (*Id*.)  He spends the day alternating between sitting, standing, and laying

down. (*Id*. at 36-37, 62-63.)  Plaintiff testified that he can sit for 30 minutes,

although he needs to change positions every few minutes. (*Id*.)

This is one of those cases where the claimant's activities of daily living do

not reflect the ability to perform substantial gainful work. *See Rogers v. Comm'r*

*of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007).  First, those activities (i.e.,

letting the dog outside, getting dressed, showering, making a sandwich, reading,

and using a computer and riding lawn mower) are more minimal than the daily

activities described in *Rogers* and found inconsistent with eight hours' worth of

typical work activities.  *Id.* at 248 (finding that the plaintiff's ability "to drive,

clean her apartment, care for two dogs, do laundry, read, do stretching exercises,

and watch the news" not comparable to typical work activities); *see also Kalmbach*

*v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 864 (6th Cir. 2011) (finding that the

claimant's testimony that she could go to the grocery store and church, prepare

meals, dress herself, and drive were "hardly consistent with eight hours' worth of

typical work activities").  Moreover, as discussed above, the ALJ and Magistrate

Judge overlook the scope of Plaintiff's activities.  Finally, the assessment that these

activities reflect an ability to work an eight-hour day "fails to examine the physical

effects coextensive with their performance."  *Rogers*, 486 F.3d at 248-49.

Evidence that Plaintiff can sit for 30 minutes, albeit uncomfortably and in pain,

does not mean that he can sit for the same period of time and work.

In sum, the types of activities Plaintiff reports doing and how he performs

them do not discredit his complaints of constant and daily pain.  They do not

support the ALJ's finding that Plaintiff can stand or walk for four hours and sit for

six hours in an eight-hour workday.  Substantial evidence does not support the

19

ALJ's RFC.  For that reason, the Court finds it unnecessary to address Plaintiff's

remaining objections.

## CONCLUSION

Because substantial evidence does not support the ALJ's decision, the Court

concludes that the decision denying Plaintiff benefits must be reversed and this

matter must be remanded to the agency for review.  The Court is unable to accept

the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No.

17) is **GRANTED IN PART AND DENIED IN PART** in that the Court declines

to find that Plaintiff is entitled to benefits but is remanding the matter for review by

the Social Security Administration;

**IT IS FURTHER ORDERED** that Defendant's motion for summary

judgment (ECF No. 18) is **DENIED**;

**IT IS FURTHER ORDERED** that the Commissioner's decision is

**REVERSED** and this matter is **REMANDED** pursuant to sentence four of 42

U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 29, 2021